**Rusing Lopez & Lizardi, P.L.L.C.**
6363 North Swan Road, Suite 151
Tucson, Arizona 85718
Telephone: (520) 792-4800
Facsimile: (520)529-4262
Kate E. Frenzinger, Esq.
State Bar No. 023100; kfrenzinger@rllaz.com

Attorneys for Defendants *Sabian Waldman, Kenneth Antos and Sheila Antos*

# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| Half Dental Franchise, LLC, a Nevada limited liability company; Chayse Myers, an individual; and Matt Baker, an individual,<br><br>Plaintiffs,<br><br>vs.<br><br>Sabian Waldman, a Nevada unmarried man; Keneth Antos and Sheila Antos, a Nevada married couple,<br><br>Defendants. | NO. 4:17-cv-00406-CKJ<br><br>**CONFIDENTIALITY AGREEMENT AND PROPOSED PROTECTIVE ORDER**<br><br>(Assigned to Hon. Judge Cindy K. Jorgenson) |

**CONFIDENTIALITY AGREEMENT AND PROPOSED PROTECTIVE ORDER**

The parties to this Agreed Confidentiality Order (the "Order") have agreed to the terms of this Order; accordingly, it is ORDERED:

1. **Scope**. All the materials produced or adduced in the course of discovery, including initial disclosures, responses to discovery requests, deposition testimony and exhibits, and information derived directly therefrom (hereinafter collectively "documents"), shall be subject to this Order concerning Confidential Information as defined below. This Order is subject to the Local Rules of this District and the Federal Rules of Civil Procedure on matters of procedure and calculation of time periods.

2. **Confidential Information.** As used in this Order, "Confidential Information" means information designated as "CONFIDENTIAL – SUBJECT TO

PROTECTIVE ORDER" by the producing party that falls within one or more of the following categories: (a) information prohibited from disclosure by statute; (b) information that reveals trade secrets; (c) research, technical, commercial or financial information that the party has maintained as confidential; (d) medical information concerning any individual; (e) personal identity information; (f) income tax returns (including attached schedules and forms), W-2 forms and 1099 forms; or (g) personnel or employment records of a person who is not a party to the case.  The protections of this Order shall not apply to Confidential Information that, prior to disclosure in this action, was within the actual possession or knowledge of the receiving party or were actually public knowledge, provided that the documents did not become public knowledge through an act or omission of the receiving party.  Any party who claims that Confidential Information was, prior to disclosure in this action, within its actual possession or knowledge or was public knowledge shall have the burden of proving the fact.

3. **Highly Confidential Information**.  As used in this Order, "Highly Confidential Information" means information designated as "HIGHLY CONFIDENTIAL – OUTSIDE COUNSELS' EYES ONLY" by the producing party that counsel of record for the producing party has determined in good faith would more likely than not cause competitive harm to the business operations of the producing party if revealed, including but not limited to: (i) business/strategic plans; (ii) sales, cost and price information, including sales/financial projections; (iii) non-public marketing information; (iv) detailed sales and financial data; (v) customer lists; (vi) technical information; and (vii) other information of competitive, financial or commercial significance comparable to the items listed in this subparagraph.

4. **Designation.**

A party may designate a document as Confidential Information for protection under this Order by placing or affixing the words "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSELS' EYES ONLY" on the document and on all copies in a manner that will not interfere with the legibility of the document. As used in this Order, "copies" includes electronic images, duplicates, extracts, summaries or descriptions that contain the Confidential Information. The marking "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" shall be applied prior to or at the time the documents are produced or disclosed. Applying the marking "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSELS' EYES ONLY" to a document does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order. Any copies that are made of any documents marked "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSELS' EYES ONLY" shall also be so marked, except that indices, electronic databases or lists of documents that do not contain substantial portions or images of the text of marked documents and do not otherwise disclose the substance of the Confidential Information are not required to be marked.

The designation of a document as Confidential Information is a certification by an attorney or a party appearing pro se that the document contains Confidential Information as defined in this order.

5. **Depositions**. Unless all parties agree on the record at the time the deposition testimony is taken, all deposition testimony taken in this case shall be treated as Confidential Information until the expiration of the following: No later than the fourteenth day after the transcript is delivered to any party or the witness, and in no event later than 60

days after the testimony was given. Within this time period, a party may serve a Notice of Designation to all parties of record as to specific portions of the testimony that are designated Confidential Information, and thereafter only those portions identified in the Notice of Designation shall be protected by the terms of this Order. The failure to serve a timely Notice of Designation shall waive any designation of testimony taken in that deposition as Confidential Information, unless otherwise ordered by the Court or by written agreement of the Parties.

6. **Protection of Confidential Material.**

(a) **General Protections**. Confidential Information shall not be used or disclosed by the parties, counsel for the parties or any other persons identified in subparagraph (b) for any purpose whatsoever other than in this litigation, including any appeal thereof.

(b) **Limited Third-Party Disclosures**. The parties and counsel for the parties shall not disclose or permit the disclosure of any Confidential Information to any third person or entity except as set forth in subparagraphs (1)-(9). Subject to these requirements, the following categories of persons may be allowed to review Confidential Information:

  (1) **Counsel**. Counsel for the parties and employees of counsel who have responsibility for the action;

  (2) **Parties**. Individual parties and employees of a party but only to the extent counsel determines in good faith that the employee's assistance is reasonably necessary to the conduct of the litigation in which the information is disclosed;

  (3) **The Court and its personnel**;

(4) **Court Reporters and Recorders**.  Court reporters and recorders engaged for depositions;

(5) **Contractors**.  Those persons specifically engaged for the limited purpose of making copies of documents or organizing or processing documents, including outside vendors hired to process electronically stored documents;

(6) **Consultants and Experts**.  Consultants, investigators, or experts employed by the parties or counsel for the parties to assist in the preparation and trial of this action but only after such persons have completed the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound;

(7) **Witnesses at depositions**.  During their depositions, witnesses in this action to whom disclosure is reasonably necessary.  Witnesses shall not retain a copy of documents containing Confidential Information, except witnesses may receive a copy of all exhibits marked at their depositions in connection with review of the transcripts.  The designating party shall ensure that pages of transcribed deposition testimony or exhibits to depositions that are designated as Confidential Information pursuant to the process set out in this Order are separately bound by the court reporter and such pages and exhibits may not be disclosed to anyone except as permitted under this Order.

(8) **Author or recipient**. The author or recipient of the document (not including a person who received the document in the course of litigation); and

(9) **Others by Consent**. Other persons only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered.

(c) In addition to the restrictions imposed in Paragraph 6(b) under no circumstances other than those specifically provided for in this Order or subsequent Court orders, or other than with the explicit written consent of the producing party, shall information marked "HIGHLY CONFIDENTIAL - OUTSIDE COUNSELS' EYES ONLY," or its contents, in any way be revealed, disclosed, summarized or otherwise made known to persons (including without limitation counsel for parties to any action other than these actions) identified in subparagraphs (2) and (7).

(d) **Control of Documents**. Counsel for the parties shall make reasonable efforts to prevent unauthorized or inadvertent disclosure of Confidential Information. Counsel shall maintain the originals of the forms signed by persons acknowledging their obligations under this Order for a period of three years after the termination of the case.

7. **Inadvertent Failure to Designate**. An inadvertent failure to designate a document as Confidential Information does not, standing alone, waive the right to so designate the document; provided, however, that a failure to serve a timely Notice of Designation of deposition testimony as required by this Order, even if inadvertent, waives any protection for deposition testimony unless otherwise ordered by the Court or by written agreement of the Parties. If a party designates a document as Confidential Information after it was initially produced, the receiving party, on notification of the designation, must make a reasonable effort to assure that the document is treated in accordance with the provisions

of this Order.  No party shall be found to have violated this Order for failing to maintain the confidentiality of material during a time when that material has not been designated Confidential Information, even where the failure to so designate was inadvertent and where the material is subsequently designated Confidential Information.

8. **Filing of Confidential Information**.  This Order does not, by itself, authorize the filing of any document under seal.  Any party wishing to file a document designated as Confidential Information in connection with a motion, brief or other submission to the Court must comply with local rules for lodging and filing confidential information.

9. **No Greater Protection of Specific Documents**.  Except on privilege grounds not addressed by this Order, no party may withhold information from discovery on the ground that it requires protection greater than that afforded by this Order unless the party moves for an order providing such special protection.

10. **Challenges by a Party to Designation as Confidential Information**.  The designation of any material or document as Confidential Information is subject to challenge by any party.  The following procedure shall apply to any such challenge.

(a) **Meet and Confer**.  A party challenging the designation of Confidential Information must do so in good faith and must begin the process by conferring directly with counsel for the designating party.  In conferring, the challenging party must explain the basis for its belief that the confidentiality designation was not proper and must give the designating party an opportunity to review the designated material, to reconsider the designation, and, if no change in designation is offered, to explain the basis for the designation.  The designating party must respond to the challenge within five (5) business days.

(b) **Judicial Intervention**.  In the event that the parties are unable to resolve a disputed designation through the meet-and-confer process, the designating party

7

must (1) withdraw the designation, or (2) file and serve a motion for protective order to seek continuing protection of the document.  The burden of persuasion in any such challenge proceeding shall be on the designating party.  Until the Court rules on the challenge, all parties shall continue to treat materials as Confidential Information under the terms of this Order.

11. **Action by the Court**.  Applications to the Court for an order relating to materials or documents designated Confidential Information shall be by motion.  Nothing in this Order or any action or agreement of a party under this Order limits the Court's power to make orders concerning the disclosure of documents produced in discovery or at trial.

12. **Use of Confidential Documents or Information at Trial**.  Nothing in this Order shall be construed to affect the use of any document, material, or information at any trial or hearing.  A party that intends to present or that anticipates that another party may present Confidential information at a hearing or trial shall bring that issue to the Court's and parties' attention by motion or in a pretrial memorandum without disclosing the Confidential Information.  The Court may thereafter make such orders as are necessary to govern the use of such documents or information at trial.

13. **Confidential Information Subpoenaed or Ordered Produced in Other Litigation.**

(a)  If a receiving party is served with a subpoena or an order issued in other litigation that would compel disclosure of any material or document designated in this action as Confidential Information, the receiving party must so notify the designating party, in writing, immediately and in no event more than three court days after receiving the subpoena or order.  Such notification must include a copy of the subpoena or court order.

(b)  The receiving party also must immediately inform in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the

material covered by the subpoena or order is the subject of this Order.  In addition, the receiving party must deliver a copy of this Order promptly to the party in the other action that caused the subpoena to issue.

(c)     The purpose of imposing these duties is to alert the interested persons to the existence of this Order and to afford the designating party in this case an opportunity to try to protect its Confidential Information in the court from which the subpoena or order issued.  The designating party shall bear the burden and the expense of seeking protection in that court of its Confidential Information, and nothing in these provisions should be construed as authorizing or encouraging a receiving party in this action to disobey a lawful directive from another court.  The obligations set forth in this paragraph remain in effect while the party has in its possession, custody or control Confidential Information by the other party to this case.

14.     **Obligations on Conclusion of Litigation**.

(a)     **Order Continues in Force**.  Unless otherwise agreed or ordered, this Order shall remain in force after dismissal or entry of final judgment not subject to further appeal.

(b)     **Obligations at Conclusion of Litigation**.  Within ninety (90) days after dismissal or entry of final judgment not subject to further appeal, receiving parties shall make all reasonable efforts to destroy all Confidential Information and documents marked "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSELS' EYES ONLY" under this Order, including copies as defined in ¶ 3(a), and certify the fact of destruction, unless the document has been offered into evidence or filed without restriction as to disclosure.  Reasonable efforts shall include destruction of any and all known hard copies of such materials, and deletion of all copies from active, online and near-line data sources, as well as offline storage and archives

that are physically accessible by the parties. Parties shall not be required to delete or remove copies from backup tapes or similar archives that use data compression and require a restorative process to access the data (however, Parties must delete any copies of the materials if and when such data is restored from a backup tape).

(c) **Retention of Work Product and one set of Filed Documents**. Notwithstanding the above requirements to return or destroy documents, counsel may retain (1) attorney work product, including an index that refers or relates to designated Confidential Information so long as that work product does not duplicate verbatim substantial portions of Confidential Information, and (2) a single hard copy set and electronic copies of documents filed with the Court including those filed under seal, provided any documents containing Confidential or Highly Confidential information is appropriately marked and the electronic copies are maintained in a protected document management system or electronic "client file." Any retained Confidential Information shall continue to be protected under this Order. An attorney may use his or her work product in subsequent litigation, provided that its use does not disclose or use Confidential Information.

15. **Order Subject to Modification**. This Order shall be subject to modification by the Court on its own initiative or on motion of a party or any other person with standing concerning the subject matter.

16. **No Prior Judicial Determination**. This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial determination that any document or material designated Confidential Information by counsel or the parties is entitled to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as the Court may rule on a specific document or issue.

17.     **Persons Bound**.  This Order shall take effect when entered and shall be binding upon all counsel of record and their law firms, the parties, and persons made subject to this Order by its terms.

DATED this 12th day of June 2018.

HOOLE & KING, L.C.


By /s/ Gregory N. Hoole (with permission)
    Gregory N. Hoole
    Robert A. Bernheim

~and~

Ali J. Farhang
Robert A. Bernheim
FARHANG & MEDCOFF
4801 E. Broadway Boulevard, Suite 311
Tucson, Arizona 85711

Attorneys for Plaintiffs


RUSING LOPEZ & LIZARDI, P.L.L.C.


By /s/ Kate E. Frenzinger
    Kate E. Frenzinger

Attorneys for Defendant Sabian Waldman, Kenneth Antos and Sheila Antos

**CERTIFICATE OF SERVICE**

I hereby certifiy that on June 12, 2018, I electronically transmitted the foregoing document to the Clerk's office using the ECF system for filing and thereby to the following CM/ECF registrants:

Ali J. Farhang
Robert A. Bernheim
FARHANG & MEDCOFF
4801 E. Broadway Blvd., Suite 311
Tucson, Arizona 85711
afarhang@fmlaw.law
rbernheim@fmlaw.law

I further certify that I served the foregoing document by e-mail on the following:

Gregory N. Hoole
HOOLE & KING, L.C.
4276 South Highland Drive
Salt Lake City, Utah 84124
gregh@hooleking.com

/s/ Natalie E. Tucker

**ATTACHMENT A**

**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF ARIZONA**

| | |
|---|---|
| Half Dental Franchise, LLC, a Nevada limited liability company; Chayse Myers, an individual; and Matt Baker, an individual,<br><br>                      Plaintiffs,<br><br>vs.<br><br>Sabian Waldman, a Nevada unmarried man; Keneth Antos and Sheila Antos, a Nevada married couple,<br><br>                      Defendants. | NO. 4:17-cv-00406-CKJ<br><br>(Assigned to Hon. Judge Cindy K. Jorgenson) |

**ACKNOWLEDGMENT
AND
AGREEMENT TO BE BOUND**

The undersigned hereby acknowledges that he/she has read the Confidentiality Order dated _____ in the above-captioned action and attached hereto, understands the terms hereof, and agrees to be bound by its terms.  The undersigned submits to the jurisdiction of the United States District Court for the District of Arizona in matters relating to the Confidentiality Order and understands that the terms of the Confidentiality Order obligate him/her to use materials designated as Confidential Information in accordance with the Order solely for the purposes of the above-captioned action, and not to disclose any such Confidential Information to any other person, form or concern.

13

The undersigned acknowledges that violation of the Confidentiality Order may result in penalties for contempt of court.

Name: _____

Job Title: _____

Employer: _____

Business Address: _____

_____

_____

Dated: _____      _____
                                                                 Signature

**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF ARIZONA**

| | |
|---|---|
| Half Dental Franchise, LLC, a Nevada limited liability company; Chayse Myers, an individual; and Matt Baker, an individual,<br><br>Plaintiffs,<br><br>vs.<br><br>Sabian Waldman, a Nevada unmarried man; Keneth Antos and Sheila Antos, a Nevada married couple,<br><br>Defendants. | NO. 4:17-cv-00406-CKJ<br><br>**[PROPOSED] PROTECTIVE ORDER**<br><br>(Assigned to Hon. Judge Cindy K. Jorgenson) |

The parties have jointly filed a confidentiality agreement and proposed protective order. *See* Doc. ___.

Accordingly, IT IS ORDERED that the parties' proposed protective order (Doc ___) is GRANTED.

IT IS FURTHER ORDERED that the parties' proposed Protective Order (Doc. _____) is incorporated in-full – but only to the extent any language in the proposed Protective Order does not conflict with this Order.

Dated this ___ day of _____, 2018.